of front land, with the ordinary depth of forty, as claimed by her in her petition, giving to the front and side lines the same course and direction as the lower line of Andre Friche, according to a survey made by Carlos Trudeau, in the year 1785, filed in evidence in this cause. It is further ordered that the cause be remanded for enquiry into the damages sustained by the plaintiff, the appellee paying costs in this court.

*Ripley* and *Conrad* for the plaintiff, *Hennen* for the defendant.

*Eastern Dist.*
*May,* 1828.

BOURGUIG-
NON
*vs.*
BOUDOUS-
QUIE.

---

### NICHOLS vs. PIERCE.

APPEAL from the court of the first district.

PORTER, J. delivered the opinion of the court. This action is brought for money had and received by the defendant to the use of the plaintiff. The defendant, after the general issue, pleaded that he and the plaintiff entered into partnership for erecting a steam saw mill on a lot of ground in the upper fauxbourg, the mill to be furnished by the plaintiff, and the lot by the defendant: that he had been always willing and ready to perform his part of the a-

A party, interrogated whether he did not agree to erect a saw-mill for the defendant, may answer he agreed to put one up in partnership with him, but he, the defendant having failed to comply with his part of the contract, they agreed to rescind it.

greement, but that the plaintiff had refused to comply with it: that he had also paid the sum of $446 on account of the petitioner. The answer concludes with a prayer for judgment in favor of the defendant for $2500.

The cause was submitted to a jury in the court below, who found a verdict in favor of the plaintiff for $647 42 cts. and an examination of the evidence has satisfied us that verdict is correct, and well supported by the proof, oral and written, adduced on the trial.

The only question in the case grows out of a bill of exceptions taken by the defendant to the judge permitting the answer of the plaintiff to certain interrogatories to be read in evidence.

The interrogatory calls on the plaintiff to say, whether he had not agreed with the defendant to put up and erect a steam engine on a lot of ground in the upper fauxbourg, and put the same in operation as a steam saw mill.

The answer states that the plaintiff had agreed to put up a mill in partnership with the defendant, but that the defendant having failed to comply with the contract, by furnishing the lot of ground, they had both agreed to recede from the agreement,

The appellant complains of this answer, inasmuch as it states matters wholly irrelevant to the question put. But, in our opinion, the judge did not err in permitting it to be read in evidence. The Code of Practice permits the party interrogated to state other facts than those contained in the interrogatories, provided they be closely linked to the fact on which he has been questioned. In this instance, the connexion is manifest, between the agreement asked about—and the nature of that agreement—the causes which led to it—and the facts which produced its dissolution. If the knowledge of the dissolution of the partnership, or rather the joint consent not to carry into effect that which they had contemplated entering into, was confined to the parties, and no witnesses were present when such an understanding took place between them, we have just such a case as we must suppose was in the mind of the legislature, when they extended the right of reply beyond a categorical answer to the question propounded. *Code of Practice*, 353.

It is therefore ordered, adjudged, and decreed, that the judgment of the district court be affirmed with costs.

Eastern Dist
*May*, 1828. *M'Caleb* for the plaintiff, *Hennen* for the defendant.